UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23301-BLOOM/Elfenbein

JOHN FARO,

    Plaintiff,

v.

J. JEREMIAH MAHONEY, U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT, and UNITED STATES
PATENT AND TRADEMARK OFFICE,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants J. Jeremiah Mahoney ("Mahoney"), the United States Department of Housing and Urban Development ("HUD"), and the United States Patent and Trademark Office's ("USPTO") Motion to Dismiss ("Motion"). ECF No. [24]. Plaintiff did not file a Response in Opposition. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, Defendants' Motion is granted.

**I.  DISCUSSION**

In 2015, the United States Patent and Trademark Office initiated a disciplinary proceeding against Plaintiff. ECF No. [1] ¶ 43. As a result of the hearing, Plaintiff was suspended from practice before the USPTO. ECF No. [1] ¶¶ 48, 49. In his Complaint, Plaintiff asserts claims for (1) "Continuing Violation of FARO's Structural Constitutional Rights, by Defendants Illegal Interagency Prosecution of FARO Disciplinary Proceeding", ECF No. [1] at 15, (2) "Mahoney's Violation of FARO's Rights Under the 5th and 14th Amendment", ECF No. [1] at 20, (3) "Complaint for Declaratory Relief Under Federal Law (28 USC 2001)", ECF No. [1] at 25, and

(4) "Declaratory Relief Under State Law (Fla Stat. §§ 86.011 & 86.051)", ECF No [1] at 28. Plaintiff alleges his claims result from the Defendants denying him a fair hearing under 35 U.S.C. §32. ECF No. [1] ¶ 17. Defendants move to dismiss arguing that "this court lacks jurisdiction over Plaintiff's claims because exclusive jurisdiction over them lies with the U.S. District Court in the Eastern District of Virginia pursuant to 35 U.S.C. §32." ECF No. [24] at 3.

Upon review, the Court agrees with the Defendants. As the Defendants correctly point out, "all of the actions that form the basis of Plaintiff's claims were taken by the Director of the USPTO pursuant to 35 U.S.C. §32." *Id*. To that end, Section 32 of Title 35 provides that "The United States District Court for the Eastern District of Virginia, under such conditions and upon such proceedings as it by its rules determines, may review the action of the Director upon the petition of the person so refused recognition or so suspended or excluded." 35 U.S.C. § 32. That language creates exclusive jurisdiction in the Eastern District of Virginia for reviewing the Director's disciplinary decisions regarding practice before the Patent and Trademark Office. Because exclusive jurisdiction lies with the Eastern District of Virginia, Defendants' Motion is granted.

II. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Defendants' Motion**, ECF No. [24]** is **GRANTED without prejudice**.
2. The Clerk of Court is directed to **CLOSE** this case.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 25-cv-23301-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 9, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record